FILED

JAN 0 7 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY Dsn                    DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Cr. No. 07-2431GT |
| | ) |
| v. | ) **ORDER** |
| | ) |
| GONZALO ALVAREZ-MARTINEZ, | ) |
| | ) |
| Defendant. | ) |

On December 21, 2009, an evidentiary hearing was held regarding Defendant's , Gonzalo Alvarez-Martinez ("Mr. Alvarez"), supervised release revocation proceedings. On December 23, 2009, Mr. Alvarez filed a supplemental brief. In his brief, Mr. Alvarez essentially moved to exclude certain statements he made to Border Patrol Agent Carrera and dismiss both allegations that he violated the conditions of his supervised release. On December 30, 2009, the Government filed its Opposition. The Court has fully considered this matter, including the evidence presented at the evidentiary hearing, the briefs filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Alvarez' motions are **DENIED**.

//

//

### BACKGROUND

On January 2, 2008, Defendant Gonzalo Alvarez-Martinez ("Mr. Alvarez"), pled guilty to two counts of Illegal Entry (one misdemeanor and one felony), in violation of 8 U.S.C. § 1325. Mr. Alvarez was sentenced to 6 months on Count 1 to run concurrently with 12 months on Count 2 and 1 year supervised release. Mr. Alvarez was released from prison and removed on July 18, 2008.

On January 5, 2009, Border Patrol Agent P. Carrera responded to a call from the San Diego Police Department for an immigration evaluation of Mr. Alvarez. The San Diego Police had entered a house looking for a robbery suspect. They found Mr. Alvarez hiding in a couch within the house. At the police station, Agent Carrera identified himself to Mr. Alvarez and performed an immigration inspection. Mr. Alvarez admitted to being a citizen of Mexico without immigration documents. Mr. Alvarez was arrested and transported to the Imperial Beach Border Patrol Station for processing.

On March 18, 2009, Mr. Alvarez was indicted in case number 09cr991H for Deported Alien Found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). On November 30, 2009, the February 1999 deportation supporting the criminal charge was found invalid absent further evidence. On December 8, 2009, the Government's oral motion to dismiss the case without prejudice was granted.

### MOTIONS

First, Mr. Alvarez argues that the statements he made to Agent Carrera should be suppressed under the Fifth Amendment and Miranda v. Arizona. This is incorrect for several reasons. The Government correctly asserts that the exclusionary rule **does not** apply to supervised release proceedings. United States v. Herbert, 201 F.3d 1103, 1104 (9th Cir. 2000). Hence, even if Mr. Alvarez' statements violated *Miranda*, they are still admissible in supervised release proceedings.

Also, agents may ask a defendant limited biographical questions about alienage and lack of documentation without violating *Miranda*. *See* United States v. Valdez-Martinez, 267 Fed.

07cr2431

Appx. 571, 2008 WL 450629 (C.A. 9 (Ariz.)) (unpublished decision). Additionally, a conviction may be upheld if the introduction of un-Mirandized statements was harmless error beyond reasonable doubt. United States v. Gonzalez-Sandoval, 894 F.2d 1043 1047 (9th Cir. 1990).

In this case, Agent Carrera asked Mr. Alvarez limited questions about his alienage and whether or not he had any documentation. This limited questioning is permissible without *Miranda* warnings. Also, a later records check revealed that Mr. Alvarez had both a criminal and immigration history. Hence, even if Mr. Alvarez' statements to Agent Carrera violated *Miranda*, which it does not, there is sufficient evidence to support the fact that Mr. Carrera is a Mexican citizen without permission to enter the United States.

Second, Mr. Alvarez argues that since he did not violate § 1326 as stated in both allegations, he has not committed the alleged violations. Specifically, Mr. Alvarez argues that both allegations allege he was a deported alien "found in" the United States in violation of § 1326 and not that he illegally entered in violation of § 1325. Mr. Alvarez argues that since the underlying deportation was found invalid absent further evidence and the § 1326 charge dismissed, he can not have violated his supervised release. This is incorrect. The Ninth Circuit has consistently stated that a "violation of supervised release is determined on the basis of the defendant's conduct" whether or not the defendant "was ever indicted or convicted of any particular charge." United States v. Jolibois, 294 F.3d 1110, 1114 (9th Cir. 2002) *citing* U.S.S.G. § 7B1.1 cmt. n. 1. It does not matter even if the underlying criminal charge is dismissed. Id.

In this case, the underlying criminal charge was dismissed without prejudice because there was insufficient evidence regarding the February 1999 deportation. However, Mr. Alvarez was removed on July 18, 2008 as evidenced by the warrant of removal in this case. Subsequently, Mr. Alvarez was found in the United States as evidenced by his encounter with the San Diego Police Department and Agent Carrera. It is clear from the record that Mr. Alvarez had been removed and subsequently found within the United States. Hence, Mr.

3

1    Alvarez did violate the conditions of his supervised release.

2         Finally, Mr. Alvarez argues that since no one saw him either leave or enter the country,

3    there is insufficient evidence to support a claim that he violated his supervised release based on

4    illegal entry.  As to his leaving the country, there is a signed warrant of removal.  The Ninth

5    Circuit has held that an executed warrant of removal "is sufficient alone to support a finding of

6    removal beyond a reasonable doubt." United States v. Zepeda-Martinez, 470 F.3d 909, 913 (9th

7    Cir. 2006).  This is sufficient evidence that Mr. Alvarez was removed from the country.  As to

8    his re-entry, there is no need for proof of how he entered the country.  The fact that he is here

9    without proper documentation or permission is sufficient to support the allegations.  Hence, this

10   argument fails.  Accordingly,

11        **IT IS ORDERED** that Mr. Alvarez' motions to exclude statements and dismiss the OSC

12   are **DENIED.**

13        **IT IS SO ORDERED.**

14

15

16   _January 7, 2010_
     date                              GORDON THOMPSON, JR.

17                                     United States District Judge

18   cc:  All counsel and parties without counsel

19

20

21

22

23

24

25

26

27

28

4

07cr2431